UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTIAN STEPHON MILES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CLARK COUNTY, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:21-CV-0290-CDS-BNW<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

Before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint. (ECF No. 27). Defendants filed a response in opposition (ECF No. 36) to which Plaintiff replied (ECF No. 54).

<u>I. Background and Procedural History</u>

After initial screening of Plaintiff's original complaint, the Court dismissed all claims without prejudice. (ECF No. 7). Plaintiff filed a first amended complaint (ECF No. 9). The court screened the complaint, dismissed one claim with prejudice, eight other claims without prejudice, and allowed five types of claims to proceed. (ECF No. 11). Plaintiff has now filed a motion for leave to file a one-hundred twenty-five (125) page Second Amended Complaint ("SAC"). (ECF No. 27). The SAC purports to correct the deficiencies of the first amended complaint.

Defendants oppose the motion arguing that Plaintiff has attempted to raise a claim that the court has dismissed with prejudice and that many of the proposed amended claims are barred by the statute of limitations. Finally, Defendants assert that many of the proposed claims should be severed pursuant to Federal Rule of Civil Procedure ("Rule") 20.

<u>II. Standard of Review</u>

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its

pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). "The standard for granting leave to amend is generous." *Id*.

III. Analysis of Plaintiff's Motion to Amend

    A. Fifth Amendment Claims

Plaintiff failed to respond to Defendants' argument that his Fifth Amendment claims were dismissed with prejudice by the prior screening order and that his proposed amended complaint fails to cure the deficiencies noted by the Court. (ECF No. 11) (noting that the Fifth Amendment claims must be dismissed with prejudice because they failed to allege that the actions were taken by federal actors). Therefore, in accordance with Local Rule 7-2(d) and because Plaintiff does not allege that any Defendants are federal actors, the Court declines to grant Plaintiff's motion to file a second amended complaint containing Fifth Amendment claims that have been dismissed with prejudice.

    B. Statute of Limitations

Defendants' opposition asserts that many of Plaintiff's claims are barred by the statute of limitations. Defendants also assert their statute of limitations defense in a motion for judgement on the pleadings in response to the first amended complaint. (ECF No. 34). They incorporate their arguments from the motion for judgment on the pleadings in their opposition to Plaintiff's motion to file a second amended complaint.

Plaintiff's claims in the proposed second amended complaint are based in personal injury and arise under either 42 U.S.C. § 1983 or Nevada common law. Accordingly, a two-year statutory limitations period governs them all. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). The governing two-year window began when Plaintiff knew or had reason to know of the at-issue injury in each claim. *Hamilton v. Jasperson*, 602 F. Supp.3d 1347,1353 (D. Nev. 2022)

1  (citing Bonneau v. Centennial Sch. Dist. No. 28J, 666 F.3d 577, 581 (9th Cir. 2012)). Plaintiff's
2  original complaint was signed on February 11, 2021 and was presumed to have been placed in
3  the mail the same day. Therefore, any causes of action where Plaintiff knew or had reason to
4  know of the injury at issue before February 11, 2019 are untimely.

### 1. Claims 1, 2, 3 & 4 Arising on August 24, 2018

Plaintiff's Second Amended Complaint attempts to raise claims arising on August 24, 2018. In Claim 1, Defendant asserts that Defendant Okada deliberately tightened handcuffs too tightly on his wrists. In Claim 2, Plaintiff asserts that Okada filed false disciplinary charges against him on or about August 24, 2018. In Claim 3, Plaintiff alleges a strip search by Defendants Williams, Cardena, Mendoza, and Rexroad was conducted without probable cause. Claim 4 asserts that he was denied bedding for twenty-four (24) hours on or about August 24, 2018. To be timely, these claims must have been filed no later than August 24, 2020. Accordingly, amending the complaint to add these claims (Claims 1, 2, 3 & 4) would be futile. Therefore, it is recommended that these claims be denied.

### 2. Claims 5 & 6 - - Fourteenth Amendment Claims

The SAC asserts a Fourteenth Amendment claim (Claim 5) alleging Plaintiff was denied due process at a disciplinary hearing on August 28, 2018. The SAC also asserts a Fourteenth Amendment claim (Claim 6) alleging Plaintiff was denied food and access to medical care on August 30, 2018. Since these claims were filed more than two years after Plaintiff knew, or should have known, that he was injured by Defendants' actions, they are barred by the statute of limitations. As a result, it is recommended that leave to amend be denied.

### 3. Claims 7, 8, & 9 Review of Legal Mail

Plaintiff's SAC attempts to bring new claims and revive old ones based on allegations that various defendants read Plaintiff's legal mail in three separate alleged incidents on August 30, 2018, September 17, 2018, and October 6, 2018. The two-year statutory limitations period governing Plaintiff's proposed claims arising under the First Amendment began to run on the date the correctional officers' allegedly reviewed Plaintiff's mail. *See Flynt*

3

*v. Shimazu*, 940 F.3d 457, 462 (9th Cir. 2019). Therefore, the last day for Plaintiff to file actionable claims based on these incidents would have been August 30, 2018, September 17, 2020 and October 6, 2020. Accordingly, amending these claims (Claims 7, 8 and 9 of the SAC) would be futile and the Court recommends denying their amendment.

### 4. Claims 10 and 11 – Excessive Force

The SAC asserts a Fourth and Fourteenth Amendment claim (Claim 10) that Plaintiff was subjected to excessive force on November 16, 2018. The SAC also asserts a similar claim (Claim 11) that Plaintiff was subject to excessive force when he was handcuffed on November 16, 2018. Since these claims were filed more than two years after Plaintiff knew, or should have known, that he was injured by Defendants' actions, they are barred by the statute of limitations. Thus, it is recommended that leave to amend be denied.

### 5. Claim 12 -- Arrest without Probable Cause Due to Fabricated Evidence in Violation of the Fourth Amendment

Defendants also allege that Plaintiff's claim that Defendant Seymore prepared a declaration of arrest falsely claiming that Plaintiff hid a razor blade in his dictionary arose at the latest on December 3, 2018, when Plaintiff demonstrated that he knew about the alleged fabrication of an arrest report because he raised the issue to a justice court judge overseeing the related criminal charge. However, the statute of limitations for a fabricated-evidence claim like Plaintiff's does not begin to run until the criminal proceedings against him have terminated in his favor. *See McDonough v. Smith*, 139 S. Ct. 1249, 1255 (2019).

Plaintiff asserts that the criminal proceedings did not terminate in his favor until February 13, 2019. He signed his pleading on February 11, 2021 and a presumption arises that he delivered his complaint to prison officials for mailing the same day. *See Houston v. Lack*, 487 U.S. 266, 268 (1988); *Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010). Thus, the Court finds that Plaintiff has sufficiently alleged facts from which it could be concluded that he timely filed his allegations against Defendant Seymore. Therefore, Plaintiff's motion to amend this claim is granted.

### 6. Claim 28 – Refusal of Medical Care on August 31, 2018

Plaintiff asserts that he was refused medical care in violation of the Fourteenth Amendment on or about August 31, 2018 when his grievance regarding his allegedly failing health, caused by round-the-clock illumination of his cell and the poor diet provided by the facility, was denied. Since this claim was filed more than two years after Plaintiff knew, or should have known, that he was injured by Defendants' actions, the claim is barred by the statute of limitations. It is therefore recommended that leave to amend be denied.

### 7. Claim 29 – Interference with Access to the Courts

In Claim 29, Plaintiff asserts that before September 2, 2018, Defendant Cline had disposed of Plaintiff's legal materials and had refused to preserve video surveillance. Plaintiff asserts that the failure to uphold his grievances on this issue interfered with his access to the courts and violated his First and Fourteenth Amendment rights. Since these claims were filed more than two years after Plaintiff knew, or should have known, that he was injured by Defendants' actions, they are barred by the statute of limitations. As a result, it is recommended that leave to amend be denied.

### 8. Claim 30 – Denying a Grievance

In Claim 30, Plaintiff alleges that Defendant Trambo responded to a grievance that he filed on November 17, 2018, complaining that two other correctional officers had assaulted Plaintiff. Plaintiff asserts that Trambo stated false information when denying the grievance. Plaintiff alleges that this violated his rights under the Fourteenth Amendment. Since this claim was filed more than two years after Plaintiff knew, or should have known, that he was injured by Defendants' actions, it is barred by the statute of limitations. As a result, it is recommended that leave to amend be denied.

### 9. Claim 31 – Denial of a Due Process Hearing

In Claim 31, Plaintiff asserts that he filed a grievance asserting that he had been placed in "max status disciplinary segregation" and that he had not had a due process hearing justifying the placement. Plaintiff asserts that the defendants that denied his grievance violated

his Fourteenth Amendment rights. The last denial occurred on or about January 18, 2019. Since this claim was filed more than two years after Plaintiff knew, or should have known, that he was injured by Defendants' actions, it is barred by the statute of limitations. As a result, it is recommended that leave to amend be denied.

### 10. Equitable Estopple and Equitable Tolling

Plaintiff argues that Defendants cannot raise the statute of limitations as a defense, because they are equitably estopped by their behavior in destroying or withholding his legal materials. Alternatively, he argues that equitable tolling should apply. Generally, since state law principles govern the limitations period for § 1983 claims, state law principles also govern whether equitable estopple and tolling apply. See *Wallace v. Kato*, 549 U.S. 384, 394 (2007); *Blanas*, 393 F.3d at 927.[1]

In Nevada, "[e]quitable estoppel operates to prevent a party from asserting legal rights that, in equity and good conscience, they should not be allowed to assert because of their conduct." *United Brotherhood v. Dahnke*, 714 P.2d 177, 178–179 (1986). Plaintiff bears the burden of proof in making a clear showing that he was induced by Defendants to make a detrimental change in position. *In re MacDonnell's Estate*, 57 P.2d 695, 696 (1936).

Here, Plaintiff has not met his burden in showing that equitable estopple applies, because he made no showing that Defendants fraudulently induced him to change his position. While he alleges that Defendants made fraudulent statements, he also alleges that he knew those statements were untrue. Particularly, he made no change in position based on those statements that prevented him from filing a timely claim. Therefore, equitable estopple does not prevent Defendants from raising the statute of limitations.

Further, Plaintiff has failed to show that equitable tolling should be applied to prevent the statute of limitations from foreclosing some of his claims. In Nevada, equitable

---

[1] The cases that Plaintiff cites are distinguishable because they refer to equitable tolling arising under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and apply to federal and state habeas actions, not actions arising under 42 U.S.C. § 1983. *See, e.g.*, *Espinoza-Matthews v. California*, 432 F.3d 1021, 1025 (9th Cir. 2005).

tolling may apply if: (1) the plaintiff acted with reasonable diligence in pursuing their claim; and (2) extraordinary circumstances prevented them from timely filing a complaint. *Fausto v. Sanchez-Flores*, 482 P.3d 677, 682-83 (Nev. 2021). Here, Plaintiff cannot show that he meets either prong. Plaintiff has demonstrated from the beginning that he was capable of acting with reasonable diligence. He diligently filed grievances. He was able to get the criminal charge for possessing the razor blade dismissed. Indeed, even assuming corrections officers were destroying his legal materials, Federal Rule of Civil Procedure 8(a)(2) only requires a short and plain statement showing that the pleader is entitled to relief. Further, the allegations are to be simple, concise and direct. Fed. R. Civ. P. 8(d)(1). Plaintiff had the facts he needed to meet the pleading standards of the federal rules. By waiting more than two years to file his initial complaint, he failed to show diligence. To the extent that Plaintiff argues that his "legal papers" and grievances were destroyed, he has failed to meet his burden to show that extraordinary circumstances prevented him from timely filing a complaint. Instead, the allegations show that Plaintiff was able to send legal mail and grieve the conditions of confinement.[2] A complaint that complied with Rule 8 was easily within his capabilities. Therefore, equitable tolling does not apply to extend the time to file his complaint.

### 11. Remaining Claims, Amendment and Severance

Defendants have not asserted that the remaining thirty claims are futile. Instead, Defendants argue that because some claims are futile and because others should be severed, the Court should deny the motion to amend in its entirety. The Court disagrees. Most of Defendants' argument surrounding severance involved claims that the Court has found are time-barred and will no longer part of the complaint. Further, Defendants' responsive pleading to the SAC will likely refine the remaining claims. Any future motion to sever should recommend how claims should be grouped based on questions of law or fact common to defendants in that grouping. *See*

---

[2] Plaintiff need not plead exhaustion of administrative remedies as an essential part of his complaint. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, exhaustion is an affirmative defense that must be raised by Defendants. *Id.* Therefore, in order to file his complaint, access to his grievances was unnecessary.

Fed. R. Civ. P. 20(a)(2).

Given the generous standard for granting leave to amend, the Court finds that justice requires granting leave in this case. Defendants have shown that amendment is futile as to Claims 1-11, 13 and 28-32. However, the motion to amend is granted as to the remaining claims. The Clerk of the Court shall detach the second amended complaint which is attached to Plaintiff's Motion to File Second Amended Complaint (ECF No. 27) and file it as the operative complaint. Claims 12, 14-27, and 33-46 may proceed.

IV. Conclusion

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 27) is **GRANTED in part and the Court recommends that it be DENIED in part**;

IT IS FURTHER ORDERED that Plaintiff's motion to amend is granted to the extent that Claims 12, 14-27, and 33-46 of the Second Amended Complaint may proceed;

IT IS FURTHER RECOMMENDED that Plaintiff's motion to amend be denied with prejudice as to Claims 1-11, 13, 28-32 as barred by the statute of limitations;

IT IS FURTHER RECOMMENDED that Defendants' Motion for Judgement on the Pleadings (ECF No. 34) be **DENIED as moot**;

IT IS FINALLY ORDERED that Defendants' Motion to Sever Claims (ECF No. 35) is **DENIED as moot**.

///

///

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d

1153, 1157 (9th Cir. 1991).

DATED this 14th day of August 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE