UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Christian Stephon Miles,

          Plaintiff,

v.

Clark County, *et al.*,

          Defendants.

Case No.: 2:21-cv-00290-CDS-BNW

**Order Adopting Magistrate Judge's Report and Recommendation and Denying Defendants' Motion for Judgment on the Pleadings**

[ECF Nos. 27, 34, 69]

    United States Magistrate Judge Brenda Weksler issued a Report and Recommendation (R&R) following a review of pro se plaintiff Christian Miles' second amended complaint (ECF No. 27), which alleges civil rights violations against defendants Clark County, the Las Vegas Metropolitan Police Department, and several officers. ECF No. 69. In the R&R, she recommends that I dismiss parts of Miles' second amended complaint without leave to amend his claims. *See generally id.* The deadline by which Miles was permitted to file objections to the R&R was August 28, 2023. *Id.* at 8; LR IB 3-2. To date, no objections have been filed.

    "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While review is not required because the plaintiff does not object to the R&R, I nevertheless conduct one here. *See* 28 U.S.C. § 636(b)(1). A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it

fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

Because Miles has not objected to the R&R, I adopt it in its entirety and dismiss claims 1 through 11, 13, and 28 through 32 without leave to amend. Federal Rule of Civil Procedure 15 states that "the court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)). Here, I find that no amendment can cure the defects in Miles' pleading as to these claims because they are barred by the two-year statute of limitations, so amendment would be futile.

Judge Weksler further recommends that the defendants' motion for judgment on the pleadings and severance of claims be denied as moot. ECF No. 69 at 8. The defendants argue that nearly all of Miles' claims are time-barred in full or in part by the two-year statute of limitations. ECF No. 34 at 5. Judge Weksler notes that the defendants incorporated their arguments from the motion for judgment on the pleadings into their opposition to the plaintiff's motion to file a second amended complaint. ECF No. 69 at 2. Thus, Judge Weksler properly finds that the defendants' motion is moot. Because the plaintiff does not object to the R&R and because it is not clearly erroneous or contrary to law, I adopt the R&R in its entirety.

## Conclusion

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 69] is ADOPTED** in its entirety.

IT IS FURTHER ORDERED that the plaintiff's motion for leave to file a Second Amended Complaint **[ECF No. 27] is DENIED** with prejudice as to Claims 1 through 11, 13, and 28 through 32 as they are barred by the statute of limitations.

2

IT IS FURTHER ORDERED that defendants' motion for judgment on the pleadings [ECF No. 34] **is DENIED** as moot.

As discussed in detail and ordered in the R&R, plaintiff's Claims 12, 14 through 27, and 33 through 46 of the Second Amended Complaint may proceed.

DATED: September 1, 2023

_____
Cristina D. Silva
United States District Judge