# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Christian Stephon Miles,

                    Plaintiff

    vs.

Clark County, et al.,

                  Defendants

Case No. 2:21-cv-00290-CDS-BNW

**Order Granting Defendants' Motions for Summary Judgment in Part and Granting Defendants' Motion for Sanctions in part and Closing Case**

[ECF Nos. 86, 93, 94]

      This is a pro se prisoner action brought by plaintiff Christian Stephon Miles with a wide range of claims concerning his housing conditions at Clark County Detention Center (CCDC) against defendants Clark County, Las Vegas Metropolitan Police Department (LVMPD), Joseph Lombardo, Kenji Okada, E. Cline, F. Williams, Cardenas, Mendoza, Derek Rexroad, Salazar, Werlinger, Maribel Suey, Daniel Varner, Yancey Taylor, S. Sanchez, McCleery, McIntyre, Dante Trambo, Larry Taylor, D. Lorenza, Chaplain L. Taylor, Roy Seymore, Isaiah Tuiolemot, M. Lebaron, Leah Beverly, Angel Valladeres, David Poupard, Julio Martinez, Ogas, Marshore, Erwin Talavera, Esparza, Enow, C/O Ritz, C53945, Ramos Yunior, NaphCare Inc., and Aramark Inc. Second Am. Compl. (SAC), ECF No. 74. In December 2023, defendants LVMPD, Esparza, Lombardo, Lorenza, Martinez, Okada, Poupard, Suey, Taylor, Valladeres, and Varner (collectively, LVMPD defendants) moved for sanctions under Federal Rules of Civil Procedure (FRCP) 37(b)(2)(A)(v) and 41(b) based on Miles' purported failure to respond to LVMPD defendants' interrogatories and to comply with court orders compelling him to do so. Mot. for sanctions, ECF No. 86. In February 2024, defendants Esparza, Lorenza, Martinez, Okada, Poupard, Suey, Taylor, Valladeres, and Varner filed for summary judgment (ECF No. 93) and defendants LVMPD and Lombardo filed for summary judgment (ECF No. 94).

I.      **Procedural history**

On February 23, 2023, the court granted LVMPD defendants' motion to compel Miles' responses to interrogatories (ECF No. 46) and ordered Miles to provide responses by April 10, 2023.[1] Mins. of proceedings, ECF No. 55. Miles failed to do so. On May 19, 2023, LVMPD defendants filed another motion to compel interrogatory responses and requested sanctions for Miles' failure to comply with the court's February 23 order. Mot. for sanctions, ECF No. 61. On June 13, 2023, the court granted the May 19 motion in part, ordering that Miles provide interrogatory responses by June 27, 2023, but declining to impose sanctions at that point. Min. order, ECF No. 62. The court warned, however, "that failure to follow this Order may result in sanctions." *Id.* Miles again failed to produce interrogatory responses by the court-ordered deadline. On July 12, 2023, LVMPD defendants moved for relief, arguing that dismissal sanctions were appropriate at this stage. Mot. for sanctions, ECF No. 63. On October 5, 2023, the court gave Miles an extension, until November 5, 2023, to provide his interrogatory responses, denying the motion for dismissal at that juncture but warning Miles that "[t]he Court may be inclined to dismiss this case for further failures to comply with this Court's Orders." Mins. of proceedings, ECF No. 83.

On November 6, 2023, LVMPD defendants received mail that contained a collection of 82 pages of court documents, none of which included any interrogatory responses. Reply, ECF No. 92 at 4–5 (citing Applegate Decl., Defs.' Ex. 10, ECF No. 86-10). Later, with postage dated December 18, 2023, five days after LVMPD defendants filed a renewed motion for sanctions, LVMPD defendants finally received Miles' 101-pages of interrogatory responses. *Id.* at 5. In responding to the renewed motion for sanctions, Miles claims that he sent the interrogatory responses in the November postage. Resp., ECF No. 89. As LVMPD defendants point out, however, a photo of the postage log reflects that the mail stamped November 6 cost $8.30 and

---

[1] He was given until April 17, 2023 to respond to Interrogatory No. 6, to account for defendants' need to revise and resubmit that particular Interrogatory.

the mail stamped December 18 cost $8.50. Package Log, Defs. Ex. 14, ECF No. 92-1. In other words, had Miles actually sent the interrogatories responses in the November 6 mail as claimed, that postage would have cost $8.50, rather than a price difference that is more consistent with a page difference of 82 pages versus 101 pages.

LVMPD defendants also represent that Miles has failed to respond to any of the LVMPD defendants' requests for admissions served to him in November 2023 nor substantively respond to LVMPD defendants' requests for production of documents. ECF No. 93 at 9.

In February 2024, defendants Esparza, Lorenza, Martinez, Okada, Poupard, Suey, Taylor, Valladeres, and Varner filed for summary judgment (ECF No. 93) and defendants LVMPD and Lombardo filed for summary judgment (ECF No. 94). The deadline for Miles to respond was February 23, 2024. At the time of the summary judgment filings, defendants mailed their motions to Miles at his last known address, the Clark County Detention Center. ECF No. 93 at 24; ECF No. 94 at 27. Shortly thereafter, on February 15, Miles filed and served a written notification of his change of mailing address. Notice, ECF No. 96. Given Miles' change of address, the court found it unlikely that Miles received the motions for summary judgment. Order, ECF No. 98. Thus, the court sua sponte granted Miles an extension of time to file responses to the summary judgment motions, ordering that he file oppositions or statements of non-oppositions by March 15, 2024. *Id.* Miles failed to do either.

For the following reasons, I grant in part defendants' motions for summary judgment (ECF Nos. 93; 94) on counts 12–16 as barred per the statute of limitations and on count 23 for Miles' failure to serve the implicated defendants under FRCP 4. I also grant in part defendants' motion for sanctions (ECF No. 86) and dismiss the remaining counts without prejudice for Miles' pervasive failure to timely and substantively engage in the discovery process and his repeated failures to follow multiple court orders.

II.      **Legal Standard**

      A.  **Summary judgment**

        Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). The court's ability to grant summary judgment on certain issues or elements is inherent in FRCP 56. *See* Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A fact is material if it could affect the outcome of the case. *Id.* at 249. At the summary-judgment stage, the court must view all facts and draw all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). The moving party for summary judgment may meet their burden by "identifying ... portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322 (citing Fed. R. Civ. P. 56(c) (quotations omitted)).

        District courts may grant an unopposed motion for summary judgment if the movant's papers sufficiently support the motion and do not present on their face a genuine issue of material fact. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). As Federal Rule of Civil Procedure 56(e) explains, "[i]f a party fails . . . to properly address another party's assertion of fact[,] . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and

1  supporting materials—including the facts considered undisputed—show that the movant is

2  entitled to it." Fed. R. Civ. P. 56(e)(2), (3); *Heinemann*, 731 F.3d at 917.

3      **B.  Sanctions**

4      District courts have the inherent power to control their dockets and "[i]n the exercise of

5  that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

6  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss

7  an action based on a party's failure to obey a court order or comply with local rules. *See Carey v.*

8  *King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local

9  rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833

10  F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining

11  whether to dismiss an action on one of these grounds, the court must consider: (1) the public's

12  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

13  risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

14  merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab.*

15  *Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

16      For dismissal to occur, not all five parts of this test need to fall in favor of case

17  terminating sanctions. Rather, dismissal can occur when just four factors weigh in favor

18  dismissal or, alternatively, just three factors if they weigh "strongly" in support of dismissal. *See*

19  *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) ("We may affirm a dismissal where at

20  least four factors support dismissal, or where at least three factors strongly support dismissal.")

21  (quoting *Yourish v. California. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

22

23

24

25

26

III.    Discussion

    A.  **The court grants defendants' motions for summary judgment in part.**

        1.  *Counts 12–16 are barred by the statute of limitations and counts 33–41, 43, and 46 are not.*

Defendants argue that a multitude of Miles' causes of action are barred by the statue of limitations. For the following reasons, I find that counts 12–16 are time barred and grant summary judgment accordingly. I further find that defendants have failed to demonstrate that they are entitled to summary judgment on counts 33–41, 43, and 46 on the basis that these counts are time barred.

        *a.  Counts 12–16.*

Counts 12, 13, 14, 15, and 16 are Section 1983 claims under the Fourth and Fourteenth Amendments. SAC, ECF No. 74 at 36–53. LVMPD defendants move for summary judgment on these counts on the basis that they are time barred. ECF No. 93 at 9–10. I agree.

"Section 1983 does not contain its own statute of limitations; instead, federal courts borrow from the statute of limitations applicable to personal injury claims in the forum state." *Love v. Public Defender's Office*, 2021 WL 4941993, at *2 (D. Nev. Oct. 22, 2021) (citing *Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985)). "In Nevada, the statute of limitations for personal injury claims, and therefore § 1983 actions, is two years." *Id.* (citing Nev. Rev. Stat. § 11.190(4)(e)). "A statute of limitations begins to run on the date on which the plaintiff's claim accrues." *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (citation omitted). "[T]he accrual date of a § 1983 cause of action is a question of federal law[.]" *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Accrual occurs when the plaintiff has a "complete and present cause of action." *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp.*, 522 U.S. 192, 201 (1997).

Counts 12, 13, 14, 15, and 16 allege unconstitutional conduct stemming from a razor blade incident which occurred in November 2018, specifically, Miles' allegations that: (1) allegedly false disciplinary charges were filed against him, which incorrectly reported that officers found a

razor blade in his legal materials, (2) a false arrest report was constructed, reciting this false razor blade finding, which resulted in a new criminal charge against him, (3) false testimony was given against him during Nevada state court proceedings about finding the razor, and (4) video footage of the search at CCDC was not preserved. SAC, ECF No. 74 at 36–53. The allegations in the complaint make clear that Miles had a complete and present cause of action for counts 12, 13, 14, and 15 in December 2018 at which time Miles alleges that certain officials gave false testimony regarding discovery of the razor blade, and he was informed that "the camera footage was destroyed." *Id.* at 36–48.

The final piece of this set of claims is count 16, which asserts a false arrest theory, alleging that defendants infringed his "freedom from unlawful arrest . . . and freedom from illegal detention and imprisonment." *Id.* at 53. In situations like these, the two-year statutory limitations period begins when a plaintiff was held "pursuant to legal process," not when the criminal charge against him was finally resolved (which, in this case, Miles alleges was in February 2019). *Wallace*, 549 U.S. at 397 ("We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). Given that Miles was already incarcerated at the time this new charge was brought, I find that he was held "pursuant to legal process" on November 19, 2018, when the presiding state court held that there was probable cause for the charges brought against Miles. Mins. of proceedings, Defs.' Ex. 4, ECF No. 93-4.

Thus, because Miles brought this suit on February 11, 2021 (ECF No. 1), more than two years after the causes of action fully accrued for counts 12, 14, 15, and 16, I find that these counts are time-barred and grant summary judgment.

> b.   *Counts 33–41, 43, and 46.*

Defendants LVMPD and Lombardo move for summary judgment on counts 33–41, 43, and 46, arguing that each are barred by the statute of limitations. For the following reasons, I

find that Defendants LVMPD and Lombardo have failed to demonstrate that these counts are barred by the statute of limitations.

For counts 33, 34, 35, 39, and 41, defendants LVMPD and Lombardo effectively argue that Miles was aware of the alleged respective injuries prior February 11, 2019, and thus these claims brought more than two years later than his initial awareness are untimely. ECF No. 94 at 9–15. Defendants LVMPD and Lombardo fail to address, however, that Miles alleges that the underlying behavior for each of these claims continued until September 29, 2019, which is inside his two-year timeframe for which he could bring a claim. *See Bird v. Dep't of Human Services*, 935 F.3d 738, 746 (9th Cir. 2019) ("[W]hen a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period."). Without further analysis from defendants LVMPD and Lombardo addressing this fact, I deny their argument that counts 33, 34, 35, 39, and 41 are barred by the statute of limitations.[2]

Defendants LVMPD and Lombardo argue that count 36 is barred as "[Miles'] grievances reflect that he challenged the disciplinary process—including the ability to call witnesses and receive a written disposition explaining the evidence relied on when imposing discipline— through grievances back in August 2018." ECF No. 94 at 11. I reject this summary argument as it provides no further analysis as to when the complete cause of action actually accrued,

---

[2] If defendants LVMPD and Lombardo intended to make the implicit argument that these causes of action were only complete and viable to the extent Miles completed his administrative remedies for the still-timely behavior—in other words, intended to argue that any behavior post-February 11, 2019 for which Miles did not undergo administrative exhaustion is not viable—they have failed to articulate or support this argument. Indeed, the most defendants LVMPD and Lombardo say about administration exhaustion is that: "Miles' repeated failure to comply with discovery requests during this lawsuit has severely limited LVMPD Defendants' ability to determine instances where [Miles] claims to have exhausted CCDC's grievance process before bringing his Counts alleging unconstitutional policies and procedures. If [Miles] clarifies this information through responsive briefing at this summary judgment stage, LVMPD retains the right to specifically address the affirmative defense of failure to exhaust in a Reply brief." ECF No. 94 at 25–26. This is wholly insufficient. If defendants LVMPD and Lombardo's wanted the court to grant summary judgment based on administrative exhaustion, it was their burden in their summary judgment motion to affirmatively demonstrate the basis upon which such relief is warranted.

particularly when this count incorporates previous allegations relating to events which occurred in May 2019. ECF No. 74 at 89 (citing paragraphs 356–357). Similarly, defendants LVMPD and Lombardo's argument that counts 37 and 38 are time-barred is unavailing because they provide no analysis accounting for the fact that both counts incorporate by reference allegations from at-issue actions from as late as May 2019. Likewise, defendants LVMPD and Lombardo argue that count 40 is barred because "the at-issue actions began in 2018" but fail to analyze exactly when the underlying claim became a complete and present cause of action, especially given that Miles alleges related ongoing at-issue actions and correlated consequences for him as late as August 2019. For these reasons, I decline to find counts 36–28 or 40 barred by the statute of limitations.

Defendants LVMPD and Lombardo argue that count 46, which appears to be Miles' *Monell* catchall for his claims broadly, is time barred because it cites to at-issue conduct such as "excessive noise [] [not being] addressed regularly by staff" for which Miles filed a grievance back in July 2018, ECF No. 94 at 15. Again, defendants LVMPD and Lombardo fail to address that this count captures at-issue behavior that occurred well past February 11, 2019. *See* ECF No. 74 at 120 (incorporating by reference paragraphs 1–595). As such, without further analysis from defendants LVMPD and Lombardo demonstrating the contours of the relief to which they believe they are entitled, the court declines to find count 46 time barred. For those reasons, the court declines to grant summary judgment on counts 33–41, 43, and 46 as time-barred.

### c. *Count 23 is subject to summary judgment under FRCP 4.*

Count 23 names defendants "Enow" and "Ritz" in an alleged Fourteenth Amendment violation. ECF No. 74 at 62–63. LVMPD defendants move for summary judgment on this count on the basis that Miles did not complete service of process against defendants Enow nor Ritz since filing this case roughly three years ago. ECF No. 93 at 11–12.

Federal Rule of Civil Procedure 4(m) authorizes the court to dismiss defendants who are not served with process within ninety of being named in this lawsuit. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987) ("A federal court is without personal

1   jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R.

2   Civ. P. 4."). Dismissal, rather than an extension of time to serve, is appropriate here at this late

3   stage given the inherent prejudice defendants would suffer they were just served now at

4   summary judgment, and apparent lack of good cause for Miles' delay.[3] *See Montgomery v. Nevada*,

5   2021 WL 1773497, at *2 (D. Nev. May 3, 2021) ("Because Montgomery had ample time to

6   properly serve LVMPD, failed to do so, and has not proven a good cause or excusable neglect for

7   his failure, LVMPD is dismissed from the action without prejudice."). Given no other defendants

8   other than Enow or Ritz are named in count 23, I dismiss the count entirely.

9       **B.   The court grants in part defendants' motion for sanctions and dismisses the**

10          **remaining claims for Miles' failure to follow court orders and participate in**

11          **discovery.**

12       Upon consideration of the relevant factors, I dismiss the remaining counts of this action

13   based on Miles' repeated failure to comply with court orders and failure to adequately

14   participate in the discovery process. *See Malone*, 833 F.2d at 130 (dismissal for failure to comply

15   with court order). I find that the public's interest in expeditious resolution of litigation, the

16   court's need to manage its docket, and the lack of risk of prejudice to the defendants all support

17   dismissal. While public policy favors disposition of cases on their merits, here, such disposition

18   is not possible without any summary judgment response from Miles. Finally, given Miles'

19   repeated disregard of court orders, including the latest order requiring him to respond to

20   summary judgment—which he ignored—I find dismissal without prejudice is the least drastic

21   solution at this point. *See Daramy v. Arctic Storm Mgmt. Grp. LLC*, 2023 U.S. Dist. LEXIS 146635, *8

22   (W.D. Wash. Aug. 21, 2023) (finding dismissal the appropriate sanction as "[b]ecause Plaintiffs

23   have not complied with past sanctions, the Court has no reason to believe they would in the

24   future.").

25

26

---

[3] Without a summary judgment response, the court cannot be sure what caused this delay.

**IV.     Conclusion**

IT IS THEREFORE ORDERED defendants' motions for summary judgment **[ECF Nos. 93, 94] are GRANTED in part**. Summary judgment is granted on counts 12–16 and 23 as outlined in the order.

IT IS FURTHER ORDERED that defendants' motion for sanctions **[ECF No. 86] is GRANTED in part**. The remaining claims in this case are dismissed without prejudice.

The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: April 22, 2024

_____

Cristina D. Silva
United States District Judge

11